IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| BANK OF AMERICA, N.A., a foreign corporation, | |
| Plaintiff/Counterclaim Defendant, | ORDER and MEMORANDUM DECISION |
| vs. | |
| ERNIE J. FOWLKE, | Case No. 2:11-CV-828 CW |
| Defendant/ Counter claimant/Third Party Claimant, | |
| vs. | |
| RECONTRUST COMPANY NA; BANK OF AMERICA and BANK OF AMERICA, | |
| Third Party and Counterclaim Defendants. | |

"To ensure its Article III power is exercised properly, a federal court must, 'in every case and at every stage of the proceeding, satisfy itself as to its own jurisdiction.'" *Mires v. United States*, 466 F.3d 1208, 1211 (10th Cir. 2006) (citation omitted). As explained further below, the court has serious questions about its subject matter jurisdiction in this action. Accordingly, Recontrust is ORDERED to show cause why this case should not be remanded to Utah state court.

Bank of America filed the present action against Ernie J. Fowlke in Utah state court on July 29, 2011. The underlying complaint in this case contains one count: unlawful detainer under Utah state law. In other words, this is a state law eviction action. After being sued for eviction by Bank of America, Mr. Fowlke filed a counterclaim against Bank of America and a third party complaint against Recontrust Company, N.A. Among other things, Mr. Fowlke asserts in his third party complaint that Recontrust did not have the power under Utah statute to foreclose on his home in a non-judicial sale, thus making the trustee's sale void or voidable. On September 12, 2011, Recontrust filed the present notice of removal. On its own motion, the court inquires as to whether Recontrust's notice is a proper invocation of this court's removal jurisdiction.

The first problem the court has identified is that Recontrust is a third party defendant. The majority position among courts, however, is that third party defendants are not allowed to remove under 28 U.S.C. § 1441. *See Mach v. Triple D Supply, LLC*, 773 F. Supp. 2nd 1018, 1035-1036 (D.N.M. 2011) ("Courts have consistently interpreted the Supreme Court's holding in *Shamrock Oil & Gas Corp. v. Sheets* as establishing that only original defendants are '[a] defendant or defendants' under 28 U.S.C. § 1441(a), precluding cross-defendants and third-party defendants from removing cases.") (citations omitted, collecting cases). Though the Tenth Circuit has not ruled on this issue, the court views the authorities collected in *Mach* as having persuasive value. Accordingly, Recontrust must show why this rule should not apply in this case to convince the court that the notice of removal properly invoked the court's jurisdiction in this action.

The court anticipates that Recontrust may argue in response to this motion that Recontrust is not actually a third party defendant but a first party defendant. If the court were to

accept this argument, however, the result would appear to be that the court is precluded from exercising jurisdiction here. To explain, Recontrust argues in its notice of removal that Mr. Fowlke's third party complaint was procedurally defective under Utah law. Specifically, Recontrust asserts that since Recontrust would not be liable for any of Mr. Fowlke's damages, Mr. Fowlkes was not allowed by Utah Rule of Civil Procedure 14 to file a third party complaint against Recontrust. Recontrust asserts that this alleged defect converts the third party complaint into a separate, removable action. Recontrust concludes that on this basis, Recontrust should not be considered a third party defendant, but a defendant in it own right with the right to remove and Mr. Fowlke should be considered a plaintiff in that removable action.

But if Recontrust is correct about Utah law, then the third party complaint does not appear to be a "civil action brought in a State court" which can be removed under § 1441(a). 28 U.S.C. § 1441(a). Rather, Mr. Fowlke's third party complaint would be a procedurally improper third party claim made in a state court action on a state law claim. The third party complaint would be subject to dismissal on procedural– not substantive– grounds under Utah Rule 14 in state court. Such a defective third party complaint does not strike the court as giving rise to a removable state court action.

Notably, Recontrsut also argues in its notice of removal that the allegations in Mr. Fowlke's third party complaint "constitute at best an affirmative defense to the claim for eviction." (Notice of Removal, Dkt. No. 2, at p. 3.) Accepting Recontrust's assertion as true further demonstrates the serious question about Reconstrust's ability to remove this case. It is well established that an affirmative defense, even if it is based on a federal question, is not grounds for removal. *See Hansen v. Harper Excavating, Inc.*, 641 F.3d 1216, 1220 ("Under the

3

well-pleaded complaint rule, in order to invoke federal question jurisdiction under 28 U.S.C. § 1331 and thus to be removable on that basis, a federal question must appear on the face of the plaintiff's complaint; that the defendant possesses a federal defense is not sufficient to invoke federal question jurisdiction.") (citation omitted).

For these reasons, Recontrust is hereby ORDERED to show cause by September 28, 2011 why this case should not be remanded to the Utah state court from which it was removed.

SO ORDERED this 16th day of September, 2011.

BY THE COURT:

_____
Clark Waddoups
United States District Judge